IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. KEVIN JERMAINE MORRIS

**Direct Appeal from the Circuit Court for Madison County**
**No. 95-738     Roy B. Morgan, Jr., Judge**

**No. W2000-02166-CCA-R3-CD  - Filed August 13, 2001**

The State sought revocation of the defendant's probation for his allegedly failing to report to his probation officer within seventy-two hours of his release from jail, failing to provide proof of employment, failing to complete required community service work, failing to provide a DNA sample, and failing to pay probation fees.  After a hearing, the trial court revoked the probation, finding that the defendant had violated four of its conditions.  On appeal to this court, the defendant presents the sole issue of whether the trial court erred in revoking his probation.  Based upon our review, we affirm the judgment of the trial court.  However, we remand for entry of a corrected judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of a Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined.  DAVID G. HAYES, J., filed a concurring opinion.

George Morton Googe, District Public Defender, and Stephen P. Spracher, Assistant District Public Defender, for the appellant, Kevin Jermaine Morris.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## FACTS

On May 23, 1996, the defendant, Kevin Jermaine Morris, pled guilty in the Circuit Court of Madison County to one count of felony theft of property[1] and one count of theft of property under $500, a Class A misdemeanor. He was placed on deferred probation for two years and ordered to serve his sentence on Community Corrections, with the potential for an order of dismissal and expungement of his record upon his successful completion of his sentence. Following the issuance of a revocation warrant,[2] the defendant's deferred probation was revoked in July 1999, and he was ordered to serve two years incarceration. On September 17, 1999, he was released from custody and placed on probation. Among other conditions of his probation, the defendant was ordered to report to his probation officer within seventy-two hours of his release; seek and maintain steady employment; pay all required probation fees; perform eight hours of community service work per month; and report to the health department within ten working days of his release to provide a DNA sample.

On January 19, 2000, Julia Sipes, the Tennessee Department of Probation and Parole officer assigned to supervise the defendant, filed a probation violation report against him. A probation revocation hearing was held on July 17, 2000. Sipes testified that the defendant was supposed to have reported to her within seventy-two hours of his September 17, 1999, release from custody, but the only time he had ever reported was on October 5, 1999. She said that she had reviewed the conditions of his probation with him, explaining, among other things, that he was to report to the health department to provide a DNA sample, and that he had to contact the community service work coordinator to arrange for performance of his community service. She said that the defendant failed to provide a DNA sample, failed to perform his community service work, and failed to provide her with any proof of his employment.

The defendant testified that he had reported to Sipes on Monday, September 20, 1999. He said that Sipes had not told him about any community service work, and had said that she would get his DNA sample from the Department of Correction. The defendant testified that his last meeting with Sipes had been in October 1999, at which time he had informed her that his sentence expired that month. She had told him that he was on probation until 2001. He said that he had requested paperwork form the Department of Correction that would prove his sentence had expired, but that they refused to give him the records.[3] Sipes, he said, "was supposed to call and get the records," but "she never did." According to the defendant, he had not reported to Sipes after October 1999 because his sentence had already been served.

---

[1] There is a discrepancy between the indictment, which charges the defendant with theft of property over $500, and the judgment, which states that he pled guilty to theft of property over $1000.

[2] According to the State, this revocation warrant was filed July 2, 1997, but was not served until some time later. The warrant itself is not included in the record before this court.

[3] In a subsequent hearing held on August 15, 2000, the defendant claimed to have a letter from the Tennessee Department of Correction stating that his sentence had expired. The letter, however, was "down in [his] cell" and therefore unavailable to the trial court.

Following the hearing, the trial court issued an order revoking the defendant's probation and ordering that he serve his sentence as originally imposed. The court found that the preponderance of evidence showed that the defendant had violated the terms of his probation by failing to report to his probation officer as directed; failing to complete community service work; failing to verify/maintain employment; and failing to submit a DNA sample.

## ANALYSIS

The defendant argues that the trial court abused its discretion in revoking his probation. While conceding that he failed to provide documentary proof of his claims, the defendant contends that the trial court should have given more weight to his testimony, and declared his sentence to be completed. The State argues that the trial court did not abuse its discretion in revoking the defendant's probation. The State asserts that the preponderance of the evidence supports the trial court's decision in this case.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310 and 40-35-311 (1997). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." State v. Gerald H. Shaffer, No. E1998-00106-SC-R11-CD, 2001 WL 277914, at *1 (Tenn. March 22, 2001) (citing Harkins, 811 S.W.2d at 82). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

Our review of the record reveals no abuse of discretion by the trial court in this case. The preponderance of the evidence clearly supports the trial court's finding that the defendant violated the terms of his probation. Probation Officer Sipes clearly testified that the defendant reported to her only once, on October 5, 1999, well beyond the seventy-two-hour time limit established by the conditions of his probation. She further testified that, despite her instructions to the contrary, the defendant failed to perform his required community service, failed to submit a DNA sample, and failed to provide her with proof of his employment.

The defendant contends that the trial court should have given more weight to his testimony, much of which contradicted that of Officer Sipes. Questions concerning the credibility of witnesses and the weight to be given their testimony, however, are resolved not by this court, but by the trial court. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Furthermore, as the defendant himself acknowledges, he failed to provide any documentation of his claim that his sentence had been fully served by October 1999.

In sum, the preponderance of the evidence in the record supports the trial court's finding that the defendant violated the terms of his probation. Accordingly, we find no abuse of discretion by the trial court in revoking the defendant's probation.

## **CONCLUSION**

Based upon a careful review of the record, we affirm the judgment of the trial court. We remand the matter to the trial court for entry of a corrected judgment showing that the defendant's plea of guilty was to theft over $500, a Class E felony, for which he was indicted, rather than for theft over $1000, a Class D felony, as the judgment now reflects.

_____
ALAN E. GLENN, JUDGE